[S. F. No. 14770. In Bank.—April 7, 1933.]

HELEN A. MOORE, Respondent, v. CLAREMONT HEIGHTS COMPANY (a Corporation), Appellant.

Joseph C. Myerstein and Frank P. Webster for Appellant.

Alfin N. Nelson for Respondent.

THE COURT.—In August, 1927, the plaintiff and Alma Nemir purchased from the defendant lot 22 in a tract known as Claremont Estates in Alameda County for the sum of $2,775. As part of the transaction the defendant agreed to install "city standard street improvements" and have the same completed not later than September 15, 1923, and further agreed that "if said improvements have not been put in by said date the money paid by you on account of the purchase of said lots will be refunded to you on said date plus interest at the rate of seven per cent per annum, on said lot being reconveyed to said corporation or its nominee, free of liens or other incumbrances". The street improvements were not installed as agreed. Alma Nemir conveyed her interest in the lot, together with any and all her claims and demands in connection therewith, to the plaintiff. Demand was made for the refund of the purchase price in accordance with the agreement. Upon failure of payment by the defendant this action was brought to recover the purchase price with interest.

The court found in favor of the plaintiff and entered judgment as prayed. Three points are made on the appeal by the defendant.

First, it is contended that the plaintiff neither alleged nor proved a timely or unconditional reconveyance or offer to convey. The complaint alleged the demand for repayment and the offer to reconvey. The court found the allegation to be true. Laches on the part of the plaintiff was not an issue under the pleadings. The point is without merit.

Second, it is contended that there is no evidence to support the finding that Alma Nemir assigned her right under the agreement to repay to the plaintiff. The terms of the deed to the plaintiff were broad enough to include the assignment.

Third, it is claimed that there is no finding that the defendant failed to install the street improvements as agreed. The record does not justify the contention. The court specifically found (finding VII), that the defendant failed and refused to install the street improvements in the tract and particularly failed to install them in front of the property conveyed. The evidence, without conflict, supports the finding as to the defendant's failure to install any street improvements in front of the plaintiff's lot. This was sufficient proof of the breach of the agreement.

The judgment is affirmed.

Rehearing denied.